■ In the Matter of STEVEN BLUM, Respondent, v TOWN OF WOODBURY et al., Appellants. [769 NYS2d 305]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Town of Woodbury Zoning Board of Appeals dated July 25, 2001, which, after a hearing, denied the petitioner's application seeking, among other things, certain area variances, the Town of Woodbury and the Town of Woodbury Zoning Board of Appeals appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Zambelli, J.), entered September 11, 2002, as, upon reargument of so much of a prior judgment of the same court dated April 29, 2002, as granted that branch of the petition which sought a variance with respect to a well-to-septic tank separation distance of 100 feet, adhered to that portion of the judgment.

Ordered that the appeal by the appellant Town of Woodbury is dismissed, as it is not aggrieved by the portion of the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs, upon reargument, that portion of the judgment which granted that branch of the petition seeking a variance with respect to the well-to-septic separation distance of 100 feet is vacated, that branch of the petition is denied, and the judgment is modified accordingly.

We agree with the appellant Town of Woodbury Zoning Board of Appeals (hereinafter the ZBA), that the Supreme Court erred in directing it to issue a variance with respect to the well-to-septic separation distance requirement needed in conjunction with the petitioner's special use permit application. It was beyond the scope of the authority of the ZBA to grant such relief since, in doing so, it excused compliance with a New York State Department of Health (hereinafter the DOH) regulation requiring that there be 100 feet between a well and a septic system on the petitioner's property (see 10 NYCRR Appendix 75-A.4 [a] [4]). Neither the Supreme Court nor the ZBA was authorized to grant such a variance from the DOH regulation (see 10 NYCRR Appendix 75-A.2 [c]; 75-A.4 [a] [4]).

In light of our determination, we need not address the remaining contentions of the ZBA. Ritter, J.P., Florio, Friedmann and H. Miller, JJ., concur.